IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES L. DUNCAN                                                              PLAINTIFF

v.                               CIVIL NO. 06-5236

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff James L. Duncan brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

On November 6, 1990, plaintiff filed applications for disability insurance benefits and SSI, and the applications were approved on January 31, 1992. (Tr. 30, 70). In June of 1997, the Commissioner performed a continuing disability review, and determined that plaintiff's impairments had medically improved, and he was no longer eligible for benefits. (Tr. 70). Plaintiff requested that the Commissioner reconsider the cessation determination, and the request was denied. (Tr. 30, 70). At plaintiff's request a hearing before an ALJ was held on November 7, 1999, with a supplemental hearing on June 14, 2002. (Tr. 72). On July 15, 2002, the ALJ issued a decision affirming the cessation determination. (Tr. 30-40). Plaintiff appealed the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

administrative decision to this court, and on March 1, 2004, this court affirmed the administrative decision and dismissed plaintiff's complaint with prejudice. (Tr. 69).

On July 22, 2002, plaintiff filed a second set of applications for disability insurance benefits and SSI, alleging that he was disabled as of July 16, 2002, the day following the administrative decision that denied his previous applications. (Tr. 93-95, 216-218). Plaintiff's request for reconsideration was denied, and at his request an administrative hearing before an ALJ was held on November 6, 2003. (Tr. 272). On May 5, 2004, the ALJ found that plaintiff was not eligible for benefits at any time through the date of the administrative decision, and denied plaintiff's applications for benefits. (Tr. 272-285). Plaintiff's request for review was denied by the Appeals Council on July 20, 2005. (Tr. 319-321). When the Appeals Council denied plaintiff's request for review, the ALJ's decision became final; however, plaintiff did not appeal to the United States District Court.

On June 4, 2004, plaintiff filed a third application for SSI benefits, alleging an onset date of July 16, 2002. (Tr. 347-349). Plaintiff's application for SSI benefits was denied at the initial and reconsideration levels, and he requested an administrative hearing, which was held on November 17, 2005. (Tr. 524-560). The ALJ denied plaintiff's application for SSI benefits on May 31, 2006. (Tr. 293-303). Plaintiff filed a request for review, and the Appeals Council remanded the matter for further consideration. (Tr. 341-344). On August 30, 2006, an ALJ issued a favorable decision, authorizing payment of SSI benefits as of July 22, 2004, the date of plaintiff's SSI application. (Tr. 15-19). Plaintiff filed a request for review of the ALJ's decision because he disagreed with July 22, 2004, being used as the start date for his SSI benefits. (Tr.

10). The Appeals Council denied plaintiff's request for review on October 7, 2006, and the ALJ's decision became final. (Tr. 6-9). Plaintiff now seeks judicial review.

Both parties have submitted an appeal brief and the case is before the undersigned pursuant to the consent of the parties. (Doc. # 9, 10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

**Discussion:**

Plaintiff argues that the ALJ should have used July 16, 2002, as the onset date in his favorable finding that plaintiff should receive SSI benefits. The current application before this court is a SSI application filed on June 4, 2004.

It is a long established holding of the Eighth Circuit that SSI benefits are not payable for any period prior to the date a claimant files a SSI application. *See Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989). In other words, the relevant time period in SSI cases starts with the date the SSI application is filed. *See Id.* In specific terms, Social Security Ruling (S.S.R.) 83-20, *Titles II and XVI: Onset Of Disability* at *1, explains as follows:

> Under title XVI, there is no retroactivity of payment. Supplemental security income payments are prorated for the first month for which eligibility is established after application and after a period of ineligibility . . . the only instances when the specific date of onset must be separately determined for a title XVI case is when the onset is subsequent to the date of filing or when it is necessary to determine whether the duration requirement is met.

Under the Act, the earliest month for which the Administration can pay SSI benefits is the month following the month a claimant files a SSI application. 20 C.F.R. § 416.335. The ALJ clearly discussed the onset date of disability with a SSI application and that the SSI benefit does not become payable until the month after the month in which the SSI application is filed. Substantial evidence supports the ALJ's determination that plaintiff has been disabled under the Act since June 4, 2004, the date the application at issue was filed.

We will now discuss whether the ALJ constructively reopened a prior decision denying SSI benefits. Plaintiff argues that the ALJ constructively reopened a prior decision, dated May 5, 2004, in which plaintiff's July 16, 2002, application for benefits was denied, when the ALJ reviewed all the medical of evidence of record when making his August 30, 2006, decision that plaintiff was disabled.

Absent a colorable constitutional challenge, federal courts ordinarily lack jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's application of *res judicata* or refusal to

reopen a prior determination. *Califano v. Sanders,* 430 U.S. 99, 107-109 (1977); *King v. Chater*, 90 F.3d 323, 325 (8th Cir. 1996); *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995); *Brown v. Sullivan,* 932 F.2d 1243, 1246 (8th Cir. 1991). However, a narrow exception to the general rule is applicable if the Commissioner reconsiders the merits of an application previously denied. *Boock*, 48 F.3d at 351-352. The claim is treated as having been reopened as a matter of administrative discretion which is known as constructive or de facto reopening. *King,* 90 F.3d at 325 (*citing Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir. 1985). The final decision of the Commissioner denying such a claim is thus subject to judicial review to the extent it has been reopened, without regard to the expressed basis for the Commissioner's denial. *Brown*, 932 F.2d at 1246.

Under the Social Security regulation, a claim may be reopened for any reason for up to one year after the initial decision and may be reopened for good cause for up to four years after the date of the initial determination. *King,* 90 F.3d 323, 325; 20 C.F.R § 416.1488 (a) & (b).[2] "Good cause" can be found if: new and material evidence is furnished; a clerical error in the computation or recomputation of benefits was made; or the evidence that was considered in making the determination or decision clearly shows on its face that an error was made. 20 C.F.R. § 416.1489(a)(1).

In the present case, the ALJ does not mention plaintiff's previous applications for benefits but did review all the medical evidence including medical evidence reviewed and discussed in the May 5, 2004, decision denying plaintiff's July 16, 2002, application for

---

[2] The regulations provide that a claim may be reopened at any time for one of eleven fact-specific reasons which have not been raised by the plaintiff and which do not appear to apply to this case. 20 C.F.R. 416.1488(c)(1)-(11).

disability benefits. We find that the review of plaintiff's medical history did not constitute the reconsideration "on the merits" necessary to constitute a de facto or constructive reopening of the earlier application and denial of benefits. *See Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir. 1992). Accordingly, this court does not have jurisdiction to review the Commissioner's refusal to grant plaintiff's "implied request to reopen" the Commissioner's May 5, 2004, decision denying plaintiff's July 16, 2002, application for disability benefits.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 7th day of December 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE